# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cathy Frazier, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Nancy A. Berrryhill, Acting Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 4:17-1519-RMG<br><br>ORDER |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation (R & R) on April 19, 2018, recommending that the decision of the Commissioner be reversed and remanded to the agency because of the Administrative Law Judge's failure to weigh Global Assessment of Functioning ("GAF") scores of Plaintiff issued by treating physicians as medical opinions to be considered in accord with the standards set forth in the Treating Physician Rule. (Dkt. No. 23 at 23-28). The Commissioner has advised the Court that she does not intend to file objections to the R & R. (Dkt. No. 25).

The Court has reviewed the R & R and the record evidence and finds that the Magistrate Judge has ably addressed the factual and legal issues in this matter. Therefore, the Court

**ADOPTS** the Report and Recommendation as the order of this Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner for further proceedings consistent with this order.[1] In light of the protracted nature of the pendency of Plaintiff's application for disability benefits, now approaching 5 years, the Commissioner is directed to give any rehearing and Appeals Council review priority status.

  AND IT IS SO ORDERED.

                 _____
                 Richard Mark Gergel
                 United States District Judge

Charleston, South Carolina
May 14, 2018

---

[1] In the course of this administrative processing, Plaintiff became fifty years of age on January 29, 2016. (Tr. 301). The record is silent regarding whether Plaintiff has been deemed disabled as of her fiftieth birthday in light of the ALJ's finding that she is limited to sedentary work. (Tr. 17). *See*, 20 C.F.R. Pt. 404, Subpt. B, App. 2, §§ 201(g), 201.12. If Plaintiff has not already been deemed disabled retroactive to her fiftieth birthday, the Commissioner is directed to address this matter promptly upon remand.