## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Cathy Frazier,  )
 )
      Plaintiff,  )  C.A. No. 4:17-1519-RMG
 )
vs.  )
 )
Nancy A. Berryhill, Acting Commissioner  )
of the Social Security Administration,  )  **ORDER**
 )
      Defendant.  )
 )
_____ )

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 31). Defendant has filed a memorandum in opposition, arguing that the time sought to be reimbursed by Plaintiff's counsel was not reasonable and that certain tasks sought to be reimbursed were clerical in nature and not reimbursable as attorney's fees. (Dkt. No. 32). Plaintiff has filed a brief in reply. (Dkt. No. 33).

This case arose out of Plaintiff's appeal of the Commissioner's denial of Social Security disability benefits. The matter was referred to a Magistrate Judge for pretrial handling. The Magistrate Judge, after receiving full briefing from the parties, issued a 29-page Report and Recommendation ("R & R"), which recommended that the decision of the Commissioner be reversed because of the failure of the agency to properly consider the opinions of Plaintiff's treating physician. (Dkt. No. 23). The Commissioner filed no objection to the R & R. (Dkt. No. 25). The Court adopted the R & R as the order of the Court and remanded the matter to the

agency for further processing consistent with the order. (Dkt. No. 29).

**Legal Standard**

A prevailing party in a Social Security Administration action is entitled to an award under EAJA "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The court should treat the case "as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161-62 (1990). An award should include only hours "reasonably expended" and not include hours that are "excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart*, 461 U.S. at 434. Purely clerical tasks are not reimbursable as attorney's fees, but tasks that require some legal skill must be reviewed by the court to determine under the circumstances whether they are reasonable. *Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008).

**Discussion**

The Commissioner does not challenge Plaintiff's entitlement to an EAJA award or the hourly rate requested. The Commissioner does not challenge Plaintiff's request for $400.00 in costs. Most of the Plaintiff's requested time is also not challenged by the Commissioner. The Commissioner challenges certain time Plaintiff has requested for reimbursement as "unreasonable and excessive" and/or "purely clerical." (Dkt. No. 32).[1] The Court addresses each

---

[1] Plaintiff's initial EAJA request totaled $7,371.27 in fees and costs. Of this amount $400.00 related to costs and $6,971.27 related to attorney's fees. (Dkt. No. 31-1).

of these issues below:

1. <u>Time expended preparing the initial and reply briefs</u>: The Commissioner challenges the request for 8.9 hours expended in preparing the initial brief and 8.0 hours for the reply brief. The Commissioner further argues that Plaintiff prevailed on only one of her four issues and the time expended should somehow be apportioned. (Dkt. No. 32 at 3). The Court has reviewed the Plaintiff's briefs in question and find the time expended reasonable and proper. Moreover, the Court looks to results obtained, and here Plaintiff successfully obtained a reversal of the Commissioner's denial of disability benefits and a remand to the agency. Under these circumstances, the Court finds the Commissioner's objection wholly without merit.

2. <u>Preparation of a revised summons</u>: Plaintiff billed 0.2 hours for preparation of the summons and an additional 0.6 hours for reviewing and addressing a request from the court staff to revise the summons. (Dkt. No. 31-1 at 3). The Court finds the time expended revising the summons to be redundant and denies reimbursement for the additional 0.6 hours (total amount $118.08).

3. <u>Time expended filing briefs, preparing of certificates of service, and addressing a request for extension of time</u>: The Commissioner described these tasks as "purely clerical." (Dkt. No. 32 at 3-4). Plaintiff responded that each of these tasks required an element of skill and judgment and are properly reimbursable under EAJA as part of a fee award. (Dkt. No. 33 at 2-3). After reviewing the record in this matter, the Court finds these tasks are properly reimbursable as reasonable time expended for attorney time under EAJA.

4. <u>Hand delivery of courtesy copies to the Court</u>: Plaintiff concedes this task was clerical and withdraws her request for reimbursement for 0.4 hours (total amount $80.46). (Dkt.

No. 33 at 3).

Plaintiff seeks additional compensation of $703.99 for time expended in responding to the Commissioner's opposition to her EAJA award. (Dkt. No. 33 at 3). Based on the Commissioner's objections, the Court has reduced Plaintiff's initial request for fees by $198.54, which represents a reduction of 2.85%. The Court finds the time expended by Plaintiff in addressing the objections to the EAJA request generally to be reasonable, but reduces that award for additional time expended by 2.85% to reflect an apportionment of the minor disallowances referenced above. Therefore, the Court approves additional reimbursement for attorney time expended by Plaintiff responding to objections of the Commissioner for objections to the EAJA award of $683.93.

## Conclusion

Based upon the foregoing, the Court approves an EAJA award to Plaintiff as follows:

| | |
|---|---|
| Original attorney fee request | $6,772.73 |
| Costs | $ 400.00 |
| Fees responding to EAJA objections | $ 683.93 |
| Total EAJA Award | $7,856.66 |

This award is subject to the Treasury Offset Program, 31 U.S.C. § 3716(c)(1)(B). In the event Plaintiff has no present debt subject to offset and Plaintiff has executed a proper assignment to counsel, Defendant is directed to make payment due herein to Plaintiff's counsel. If Plaintiff has no present debt subject to offset and no proper assignment has been made by Plaintiff to her counsel, Defendant is directed to make the check payable to Plaintiff pursuant to this order payable to Plaintiff and to deliver the check to Plaintiff's counsel.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 26, 2018